Isaac Derek Zorea
Attorney & Counselor at Law
P.O. Box 90844
Anchorage, AK 99509
Phone: (907) 830-1385
Fax: (800) 536-1071

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

Michael Pannone, )
        Plaintiff, )
        vs. )
CITC Enterprise, Inc., )
        Defendant. )

Case No. 3AN-24-08195CI

## COMPLAINT

COMES NOW, Michael Pannone, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Michael Pannone, worked within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, CITC Enterprise, has maintained significant business connections in Anchorage, Alaska, Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska, at Anchorage.

## II. FACTS

2.1. Plaintiff, Michael Pannone, started his employment with Defendant CITC Enterprises, Inc., on March 30, 2020. He was hired as a Senior Developer (computer programer).

2.2. At all times during his employment with CITC Enterprises, Inc., Plaintiff Michael Pannone performed the essential duties of his job to a high degree, without receiving any major disciplinary complaints.

2.3. When Mr. Pannone was initially hired to work for CITC Enterprises, Inc., his direct supervisor was John Regan and his department head was Hans Roeterink. Under the supervision of these individuals, Mr. Pannone excelled and had no problematic interactions with his supervisors.

2.4. On February 10, 2021, Andrew Chlup replaced Hans Roeterink as the department head overseeing Mr. Pannone's work projects. Mr. Chlup also acted as Mr. Pannone's direct supervisor until April 15, 2021. At the time of his hire, it is believed that Mr. Chlup was under 40 years of age. It is certain that he was substantially younger than Mr. Pannone, who was 59 years old at this time.

2.5. On April 15, 2021, Mr. Chlup hired Flor Malto to the position of direct supervisor over Mr. Pannone. At the time of his hire, it is believed that Mr. Malto was under 40 years of age. It is certain that he was substantially younger than Mr. Pannone, who was 59 years old at this time. Additionally, it is known that Mr. Malto had a short time earlier previously worked with Mr. Chlup at the Anchorage School District.

2.6. Mr. Pannone had no notable criticism of his work by his supervisors. In fact, he received favorable evaluations in 2021, 2022 and 2023. He also received merit pay increases on June 20, 2021, June 28, 2022 and September 21, 2022.

Complaint: *Pannone v. CITC Enterprise, Inc.*  — 2 of 8 —

Case 3:24-cv-00220-SLG   Document 1-3   Filed 10/14/24   Page 2 of 8   Exhibit C, Page 2 of 8

2.7. On September 29, 2022, Mr. Pannone suffered a major injury to his right eye. The injury was non-work related. The injury necessitated that Mr. Pannone utilize leave protection under the Family Medical Leave Act. He requested FMLA intermittent leave and it was approved on October 24, 2022. Mr. Pannone utilized approximately 160 hours of leave under the FMLA between October 17, 2022 through December 2, 2022. He was still on intermittent FMLA leave when he was terminated by CITC Enterprises, Inc. On June 9, 2023.

2.8. Prior to his eye injury, beginning in July 2022, Mr. Pannone noticed that under the management of Mr. Chlup and Mr. Malto, that employees over 40 were being treated disparately, subject to harsher treatment, criticism, or being forced to quit.

2.9. At the time Mr. Pannone was hired in March 2020 there were eight positions in his department, with 6 of the 8 being over 40 years old (including Mr. Pannone). At the time that he was fired, 5 of the 6 older employees had either been forced to quit, had their position eliminated, or were fired. These employees were all replaced by employees substantially younger than those they replaced and several were under 40 years old.

2.10. In late August 2022, Mr. Pannone noticed that he was being more frequently excluded from the projects distributed by Mr. Malto. Mr. Pannone noticed that Mr. Malto favored, and formed a clique with several younger (40 years and younger) employees in his department. When Mr. Pannone questioned Mr. Malto about new projects or new goals for his job duties, Mr. Malto was evasive and would only reply that he "did not know."

2.11. In October 2022, Mr. Pannone formally requested from Mr. Malto clarity on what his new job assignments were moving forward. Mr. Malto's responded that Mr. Pannone needed to check with Mr. Chlup.

Complaint: *Pannone v. CITC Enterprise, Inc.* — 3 of 8 —

2.12. In November 2022, Mr. Pannone had a 1.5 hour long meeting with Mr. Chlup and Mr. Malto concerning his goals and functions moving forward. At the meeting, Mr. Chlup failed to provide any clarity.

2.13. Around the time that Mr. Pannone was realizing that Mr. Chlup and Mr. Malto were slowly pushing him out of his job, he was experiencing his medical issues with his eye and utilizing intermittent leave under the FMLA. Mr. Pannone believed that Mr. Malto's efforts to remove his job duties, and force him out of his job, increased starting with the time that he initially filed for FMLA protection.

2.14. Between the November 2022 meeting that he had with Mr. Chlup, Mr. Pannone noticed that he was still getting excluded from major projects – for which he was the most qualified to handle – and given only minor tasks that anyone would be able to accomplish. While noticing that he was being excluded from projects, Mr. Pannone also discovered that he was excluded from receiving a merit increase. Months latter, Mr. Pannone discovered that the reason for excluding him from receiving a merit increase was false. Due to a correction by HR, Mr. Pannone realized her was actually eligible to receive a merit increase.

2.15. On May 15, 2023, Mr. Pannone received an email from Mr. Chlup. In this email, Mr. Chlup inquired from Mr. Pannone whether or not communication with Mr. Malto had improved and asking whether Mr. Pannone felt that he was being brought in on more projects.

2.16. Mr. Pannone took the opportunity presented by Mr. Chlup's May 15, 2023 email to clarify the fact that Mr. Malto had not been assigning him new projects and had rather been shifting work assignments to the newer and younger employees. On May 17, 2023, Mr. Chlup pointed out that Mr. Malto had tried to "invite [Mr. Pannone] back into the team." In his response on May 18, 2023, Mr. Pannone provided a lengthy email inquiring why he was "off the team to begin with."

2.17. After Mr. Pannone sent Mr. Chlup his lengthy email on May 18, 2023, he hoped that he made clear that he was being ostracized by Mr. Malto, in favor of the younger, and newer, employees that he recently been brought into the department.

2.18. On June 9, 2023, Mr. Pannone was called into a meeting with Mr. Chlup and Sara Grogan (as HR rep). Mr. Pannone hoped that it was a meeting to discuss a solution to the fact that he was being excluded from assignments. Instead, Mr. Chlup informed Mr. Pannone that he was being given the option of receiving two weeks severance and resigning or being immediately terminated. Mr. Chlup gave Mr. Pannone no basis for the termination and no progressive discipline had been introduced, or corrective problem presented to him.

2.19. Mr. Pannone refused to resign and was terminated on June 9, 2023.

2.20. Mr. Pannone is confident that his termination was based on age bias and as also in retaliation for his use of FMLA protections. As of the date of his termination, Mr. Pannone was still on intermittent FMLA status.

## CAUSES OF ACTIONS

**A.    DISPARATE TREATMENT ON THE BASIS OF AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 621, *ET SEQ.***

3.1. Michael Pannone incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.20, and alleges that defendant, CITC Enterprises, Inc., discriminated against him on the basis of his age, thereby violation 29 U.S.C. § 623.

3.2. Michael Pannone alleges that at all times relevant to this lawsuit he was over forty years of age, and was performing his job duties to the reasonable, legitimate, expectation of his employer.

Complaint: *Pannone v. CITC Enterprise, Inc.* — 5 of 8 —

3.3. Michael Pannone alleges that CITC Enterprises, Inc. treated him in a disparate manner based on his age during his employment. Further, Mr. Pannone's disparate treatment based on his age was part of recent pattern by his employer to remove older employees and replace the work force with younger employees.

3.4. Plaintiff Michael Pannone alleges that despite satisfactorily performing all reasonable expectations of his employer, he was removed from the work-team dynamic and ostracized from inclusion in the team, of which he previously had been a team leader. When Mr. Pannone brought his disparate treatment to the attention of the CITC Enterprises, Inc.'s department head, Andrew Chlup, he was given the option of resigning or being terminated.

3.5. For CITC Enterprises, Inc. violation by discriminating against him based on his age, plaintiff seeks all damages available under law, specifically as outlined in 29 U.S.C. § 226, including back pay, future pay, actual attorney fees and prejudgment interest, punitive damages and/or liquidated damages.

**B. VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (FMLA) OF 1993, 29 U.S.C. § 2601.**

3.6. The plaintiff, Michael Pannone, incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.20.

3.7. The plaintiff, Michael Pannone, alleges that in September 2022, he suffered an injury and was granted on October 24, 2022 intermittent leave under the Family Medical Leave Act.

3.8. Michael Pannone alleges that CITC Enterprises, Inc. illegally sanctioned him because he utilized leave under the Family Medical Leave Act when it allowed Flor Malto to reduce his involvement in his work team. Additionally, Mr. Pannone was sanctioned by his employer when it allowed Andrew Chlup to terminate him after he complained that he was being left off of projects by Mr. Malto.

Complaint: *Pannone v. CITC Enterprise, Inc.* — 6 of 8 —

3.9. The plaintiff, Michael Pannone, alleges that by terminating him while he was on approved intermittent leave under the Family Medical Leave Act, CITC Enterprises, Inc., violated the conduct made impermissible by 29 U.S.C. § 2615, and specifically 29 U.S.C. § 2615(a)(1).

3.10. The plaintiff, Michael Pannone, requests all remedies available to him for CITC Enterprises, Inc.'s violation of the Family Medical Leave Act, per 29 U.S.C. § 2617, including lost wages, salary and benefits, cost of medical care, prejudgment interest, liquidated damages, punitive damages and reasonable attorney fees.

## JURY DEMAND

4.1. Plaintiff, Michael Pannone, hereby demands a trial by jury on all claims and issues for which he has a right for a jury to render judgment.

## PUNITIVE DAMAGES

5.1. Plaintiff, Michael Pannone, requests punitive damages against defendant based upon the egregious natures of its conduct toward him.

## PRAYER OF RELIEF

WHEREFORE, Plaintiff Michael Pannone, requests judgment against defendant CITC Enterprises, Inc., as follows:

1. Full and complete payment of all back wages, future wages, prejudgment interest, liquidated damages, and all other remedies available under 29 U.S.C. § 626, caused when CITC Enterprises, Inc., treated him in a disparate manner because of his Age, in violation of The Age Discrimination in Employment Act of 1967, in an amount within the jurisdictional limit of this court, with an exact amount to be proven at trial.

Complaint: *Pannone v. CITC Enterprise, Inc.* — 7 of 8 —

2. All remedies available for CITC Enterprises Inc.'s violation of the Family Medical Leave Act, as outlined in 29 U.S.C. § 2617, including lost wages, salary and benefits, cost of medical care, punitive damages, prejudgment interest, liquidated damages, and reasonable attorney fees, within the jurisdictional limit of this court, with the exact amount to be proven at trial.

3. Punitive damages against CITC Enterprises, Inc., for its egregious behavior, as permitted under the Family Medical Leave Act and, if permissible, the Age Discrimination in Employment Act.

4. Plaintiff Michael Pannone seeks such other relief as the court may deem just and proper based on the egregious nature of defendant's conduct.

Dated: August 12, 2024

/Isaac Zorea
Isaac D. Zorea
ABA No. 0011090
Counsel for Michael Pannone