# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

MICHAEL PANNONE,

              Plaintiff,

      v.

CITC ENTERPRISES, INC.,

              Defendant.

Case No. 3:24-cv-00220-SLG

## ORDER ON MOTION FOR SANCTIONS AND MOTION FOR ATTORNEY'S FEES AND COSTS REGARDING MOTION TO COMPEL

This order addresses the following two pending motions:

At Docket 18 is a Motion for Sanctions filed by Defendant CITC Enterprises, Inc. ("CITCE"). Plaintiff Michael Pannone responded in opposition at Docket 22, to which Defendant replied at Docket 34. At Docket 51 is Defendant's Motion for Attorney's Fees and Costs incurred with respect to its Motion to Compel. Plaintiff responded in opposition at Docket 104, to which Defendant replied at Docket 113.

For the reasons set forth below, Defendant's Motion for Sanctions and Defendant's Motion for Attorney's Fees and Costs are both **GRANTED.**

## BACKGROUND

The Court assumes the reader's familiarity with its prior decisions, as well as the factual and procedural background they provide. The facts and procedural background as directly relevant to this motion are as follows:

This case arises from an employment dispute involving Michael Pannone, a former employee at CITCE.[1]  Plaintiff was terminated from employment with Defendant on June 9, 2023.[2]  On August 15, 2024, Plaintiff initiated this action against Defendant in the state court; Plaintiff alleges two claims for relief: the first claim is under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et. seq.*, and the second claim is under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601.[3]  Defendant removed the case to this Court on October 14, 2024, based on federal question jurisdiction.[4]

Plaintiff provided his initial disclosures to Defendant on December 30, 2024. In response to the requirement to produce all documents "that the disclosing party has in its possession, custody or control and may use to support its claims or defenses,"[5] Plaintiff provided over 250 pages of CITCE emails without indicating their source.[6]  "He did not disclose at that time that he had retained a copy of his CITCE email account or other CITCE documents."[7]

---

[1] Docket 1.

[2] Docket 1-3 at 5.

[3] Docket 1 at 2.

[4] Docket 1 at 2.

[5] Fed. R. Civ. P. 26(a)(1)(A)(ii).

[6] Docket 16 at 3; Docket 17-1 at 9; Docket 17-1 at 12-15 (one example of Plaintiff's unmarked emails).

[7] Docket 16 at 3.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 2 of 24

Case 3:24-cv-00220-SLG    Document 72    Filed 10/16/25    Page 2 of 24

On the same date that Plaintiff served his initial disclosures, he served a discovery request on Defendant.[8] Included in that request was a request for Defendant to "produce an electronic copy of plaintiff's complete unredacted work file, and personnel file, including any supervisor files located in CITC's offices/databases, including but not limited to FMLA and other leave paperwork and time records."[9] Plaintiff also sought "all e-mails, documents, ESI, sent or received between Plaintiff Michael Pannone" and seven CITCE employees for the period between April 1, 2022 and June 15, 2023.[10] On January 29, 2025, Defendant responded to Plaintiff's discovery requests and supplemented its initial disclosures, producing approximately 1300 pages and also identifying emails responsive to Plaintiff's requests.[11] CITCE maintains that it expended significant time and resources responding to these requests, and that it was unaware that Plaintiff already had these documents.[12]

Defendant served a set of discovery requests on Plaintiff on January 30, 2025.[13] Plaintiff served his responses on March 3, 2025. There, Plaintiff responded to Defendant's discovery request concerning his post-termination employment search by stating "[d]etail is beyond that required for Dept of Labor

---

[8] Docket 17-1 at 1-2.

[9] Docket 17-1 at 32.

[10] Docket 17-1 at 35-40.

[11] Docket 18 at 3.

[12] Docket 18 at 1.

[13] Docket 17-1 at 45-69.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 3 of 24
Case 3:24-cv-00220-SLG    Document 72    Filed 10/16/25    Page 3 of 24

validation" and that "[d]ata is not available for this submission."[14] And, in response to Request for Production ("RFP") 17, which requested "documents regarding each and every effort Pannone made to seek employment since June 9, 2023, to the present[,]" Plaintiff stated, "Redundant, see response to [Interrogatory 13]."[15]

In response to an RFP seeking all documents in Plaintiff's "possession or control that are the property of CITCE or that you removed or directed to remove from CITCE's premises, including but not limited to its physical premises and computer systems," Plaintiff responded, "None."[16] But Plaintiff produced with his responses at that time an unmarked Personal Storage Table (".pst") file that contained over 8,000 emails and attached CITCE files without any additional description or explanation.[17] Within the file, CITCE discovered "synchronization logs" that CITCE maintains show that Plaintiff began downloading copies of his CITCE email account and other documents beginning on May 24, 2023, and continuing until his termination in June 2023.[18] CITCE indicates that these emails contained relevant and confidential information belonging to CITCE, such as

---

[14] Docket 17-1 at 85-86.

[15] Docket 17-1 at 94.

[16] Docket 17-1 at 92. The Court notes that despite Plaintiff responding on March 3, 2025, that he did not possess any CITCE documents, he had previously "provide[d] a copy of over 250 pages of emails without indicating their source" in Plaintiff's initial disclosures served on December 30, 2024. Docket 16 at 3.

[17] Docket 18 at 3. A .pst file is a Microsoft Outlook data file primarily used for archiving data locally on a computer or backing up personal information such as emails, contacts, events, and/or attachments.

[18] Docket 18 at 3; *see also* Docket 17 at 2.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 4 of 24

Case 3:24-cv-00220-SLG     Document 72     Filed 10/16/25     Page 4 of 24

confidential personnel information of employees, accounting information, amount of payments, Wi-Fi passwords and encryption information for multiple entities, and confidential personal information of CITCE's clients.[19]

On March 12, 2025, Defendant's counsel sent Plaintiff's counsel a letter sharing the concerns she had about the recently produced .pst file; CITCE asserted that "Mr. Pannone's misappropriation of sensitive, confidential, proprietary and trade secret information from CITCE's secure systems is not only an unlawful and unauthorized taking, but it also places this information at further risk of improper disclosure, misuse, loss and theft."[20] The letter specifically directed Plaintiff to preserve all of CITCE's documents as they currently exist, "so that metadata associated with the download and taking of this information is adequately preserved."[21]

Plaintiff's response letter of March 20, 2025 included an unsigned statement by Mr. Pannone in which he stated that his retention of the file was "actually quite accidental" and that his "use of the contents have been solely in defense of [his] pursuit of an answer to why [he] was terminated."[22] And Plaintiff stated that he

---

[19] Docket 18 at 4.

[20] Docket 17-1 at 108.

[21] Docket 17-1 at 107.

[22] Docket 17-1 at 115.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 5 of 24

Case 3:24-cv-00220-SLG    Document 72    Filed 10/16/25    Page 5 of 24

would isolate and retain the files and the jump drive "until such a time as the court would like to examine it."[23]

At his deposition on March 24, 2025, Plaintiff testified that he had found this copy of his entire CITCE email account on his personal computer in September or October 2023 and had secured it onto a cloud location at that time.[24] Subsequently, in an April 28, 2025 letter, Plaintiff's counsel stated that when he asked Plaintiff to "provide all relevant documents in his possession for purposes of Rule 26 disclosures, Mr. Pannone did not even remember that he had the file."[25]

In May 2025, Defendant found the discovery responses to be deficient and sought the following: (1) Plaintiff's information and supporting documentation regarding his efforts to seek alternative employment; (2) complete unredacted copies of Plaintiff's individual and/or joint federal and state income tax returns; and (3) any documents in Plaintiff's control that are the property of Defendant or that Plaintiff removed from Defendant's premises, including its computer systems.[26] After multiple follow-up requests, Defendant's counsel stated that if Plaintiff did not cure these deficiencies by May 12, 2025, Defendant would file a motion to compel.[27]

---

[23] Docket 17-1 at 116.

[24] Docket 17-1 at 125-26.

[25] Docket 17-1 at 138.

[26] Docket 16 at 3-4.

[27] Docket 17-1 at 173.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 6 of 24

Case 3:24-cv-00220-SLG     Document 72     Filed 10/16/25     Page 6 of 24

Also, on May 8, 2025, CITCE proposed a plan by which Mr. Pannone's devices would be forensically reviewed by a forensic specialist with searches for certain terms on the devices that related to CITCE and persons employed there.[28] Through counsel, Mr. Pannone responded that he was "willing to voluntarily delete the .pst file" but was "not willing to agree to a forensic intrusion into his personal computer devices."[29]

On May 15, 2025, Defendant filed two motions.[30] The first was a motion to compel pursuant to Fed. R. Civ. P. 37(a)(1), (a)(3)(B), and (a)(5).[31] Defendant sought an order from the Court directing Plaintiff to provide a complete response to Defendant's first set of discovery requests and to produce his personal devices allegedly containing Defendant's confidential and proprietary information for forensic inspection.[32] Plaintiff responded by asserting that Plaintiff "has fully cooperated with Defendant's discovery demands" and has "attempted to cooperate with CITCE concerning its allegations that he improperly retained its confidential data."[33] In an accompanying affidavit, Plaintiff stated that he discovered he retained the .pst file in October 2023, approximately one year before

---

[28] Docket 17-1 at 140.

[29] Docket 17-1 at 142.

[30] Docket 16; Docket 18.

[31] Docket 16.

[32] Docket 16 at 1.

[33] Docket 21 at 1.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 7 of 24

Case 3:24-cv-00220-SLG     Document 72     Filed 10/16/25     Page 7 of 24

this case commenced.[34]   In reply, Defendant asserted that the discovery Plaintiff was withholding was essential to important aspects of the case, namely, alleged damages, Plaintiff's credibility, and Plaintiff's alleged misconduct in the final weeks of his employment.[35]  At a hearing on July 25, 2025, the Court granted the motion to compel in large part but denied it with respect to Defendant's request for certain financial information related to Plaintiff's spouse.[36]  The Court further ordered that Defendant could seek to recover its costs and fees incurred in filing the motion.[37]

On August 1, 2025, Defendant filed its motion for attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) and (c)(1), seeking an award of $20,303.00.[38]

The second motion that Defendant filed on May 15, 2025, is a motion for sanctions pursuant to Fed. R. Civ. P. 26(g) and 37(e)(1) for failure to comply with discovery rules.[39]   In this motion, Defendant seeks monetary sanctions due to Plaintiff's failure to disclose in his initial disclosures that he possessed a copy of his entire CITCE email account, and further, that despite possessing these documents, "[Plaintiff] issued seven broad requests for production, demanding all emails between himself and specifically named CITCE individuals."[40]  Defendant

---

[34] Docket 23 at 4.

[35] Docket 35 at 2.

[36] Docket 49.

[37] Docket 49.

[38] Docket 51 at 1.

[39] Docket 18.

[40] Docket 18 at 1.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 8 of 24

asserts that because CITCE was "unaware that Pannone already had the documents[,]" Defendant had to unnecessarily spend "significant time and resources responding to these requests."[41] In this motion, Defendant seeks $27,512.00 for the time incurred analyzing and responding to "Pannone's discovery and document requests and follow-up actions after [Defendant] determined Pannone improperly retained the .pst file . . . . "[42]

## LEGAL STANDARD

### I.  Motion for Attorney Fees and Costs

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery, providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case." If a responding party fails to provide his initial disclosures, to answer an interrogatory, or to provide requested documents, the other party may move under Rule 37 for an order compelling that discovery.[43] "The party that resists discovery has the burden to show why the discovery request should be denied."[44]

If a motion to compel is granted, Federal Rule of Civil Procedure 37(a)(5)(A) states that "the court must, after giving an opportunity to be heard, require the party

---

[41] Docket 18 at 1.

[42] Docket 17 at 7; *see also* Docket 17-1 at 144-57.

[43] Fed. R. Civ. P. 37(a)(3)(B).

[44] *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 9 of 24

Case 3:24-cv-00220-SLG    Document 72    Filed 10/16/25    Page 9 of 24

or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[45] However, a court "must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[46]

Rule 37(a)(5)(C) provides that when, as here, a motion to compel has been granted in part and denied in part, the court "may, after giving a reasonable opportunity to be heard, apportion the reasonable expenses for the motion."[47] Unlike a Rule 37(a)(5)(A) award, a Rule 37(a)(5)(C) award is discretionary, as that rule provides that a court "*may* ... apportion the reasonable expenses for the motion" between the parties.[48]

Whether the award is mandatory or discretionary, "[t]he party contesting the discovery sanction on a properly brought motion under Rule 37(a)(5) bears the

---

[45] Fed. R. Civ. P. 37(a)(5)(A).

[46] *Id.*

[47] *See W. Mortg. & Realty Co. v. KeyBank Nat'l Ass'n*, 2016 WL 11643651, *1 (D. Idaho 2016) ("Plaintiff cites to Rule 37(a)(5)(A) in its request for fees, but . . . Rule 37(a)(5)(C) is the applicable subsection of the Rule because the motion was not granted in full. The primary difference between these two subsections is that an award is discretionary under Rule 37(a)(5)(C). Ultimately, the analysis of Plaintiff's request under subsection 37(a)(5)(A) or 37(a)(5)(C) is the same, and arguments pertaining to the exceptions to Rule 37(a)(5)(A) are equally applicable to the Court's determination of whether attorney fees should be apportioned under Rule 37(a)(5)(C).").

[48] Fed. R. Civ. P. 37(a)(5)(C) (emphasis added).

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 10 of 24

burden of establishing substantial justification or that other circumstances make an award of expenses unjust."[49]  A position on a discovery issue is "substantially justified" if the parties had a "genuine dispute" or if "reasonable people could differ" as to the appropriate outcome.[50]

Pursuant to the District of Alaska's Local Civil Rule 54.2, "[a] motion for attorney's fees . . . must: (a) state the amount requested; (b) set forth the authority for the award . . . ; and (c) be accompanied by a declaration or affidavit that demonstrates the reasonableness of the requested award and includes: (1) the total number of hours worked and billing rate for each lawyer and paraprofessional; (2) the customary fee charged in similar matters in the District of Alaska; (3) the amount charged to the client, if any; and (4) itemized billing records."

## II. Motion for Sanctions

Federal Rule of Civil Procedure 26(g) "imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37."[51]  Under Rule 26(g), initial disclosures and discovery requests must be signed by the attorney of record, and that signature certifies that the attorney has conducted a "reasonable inquiry," that the

---

[49] *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

[50] *Id.* ("[A] good faith dispute concerning a discovery question might, in the proper case, constitute 'substantial justification' . . . ." (citation omitted)).

[51] Fed. R. Civ. P. 26(g) Advisory Committee's Note to 1983 Amendment.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 11 of 24
Case 3:24-cv-00220-SLG     Document 72     Filed 10/16/25     Page 11 of 24

response is consistent with the federal rules, and that it is "not interposed for any improper purpose."[52]

Rule 26(g) "explicitly encourages sanctions where counsel or a party makes a faulty response after failing to conduct a reasonable inquiry under the circumstances."[53]  If the attorney's certification violates Rule 26(g)(1) without substantial justification, a court *must* impose an appropriate sanction on "the signer, the party on whose behalf the signer was acting, or both."[54]  Such sanctions may include attorneys' fees caused by the violation.[55]  Whether an attorney's inquiry was "reasonable" is judged by an objective standard.[56]

Pursuant to Civil Rule 37(c)(1), if a party fails to provide information as required in its initial disclosures, a court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure."  And a party must not seek discovery that is unreasonably cumulative or duplicative.  A discovery request is "cumulative or duplicative if the requesting party already has the information that they are seeking to obtain."[57]

---

[52] Fed. R. Civ. P. 26(g).  As the advisory committee's note to the rule explains, "the signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." Advisory Committee's Note to 1983 Amendment.

[53] *Rottlund Co. v. Pinnacle Corp.*, 222 F.R.D. 362, 374 (D. Minn. 2004) (citing Fed. R. Civ. P. 26(g) Advisory Committee's Note to 1983 Amendment).

[54] Fed. R. Civ. P. 26(g)(3).

[55] *Id*.

[56] *See Oregon RSA No. 6, Inc. v. Castle Rock Cellular of Oregon LP*, 76 F.3d 1003, 1007–08 (9th Cir. 1996).

[57] *Photography By Frank Diaz, LLC v. Friends of David Schweikert*, 2023 WL 3078664, at *2 (D.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 12 of 24

Case 3:24-cv-00220-SLG     Document 72     Filed 10/16/25     Page 12 of 24

## DISCUSSION

### I.     Defendant's Motion for Attorneys' Fees Pursuant to Rule 37(a)(5)(A).

Defendant moves for an award of $20,303.00 in attorneys' fees it incurred in connection with its May 15, 2025 motion to compel.[58]

Plaintiff opposes and asserts that substantial justification and the circumstances of this case warrant complete denial of the requested $20,303.00 in attorney fees.[59]  Plaintiff raises four main supporting arguments; namely, that "(1) CITCE's partial success triggers the discretionary standard under Rule 37(a)(5)(C), where courts may deny fees entirely; (2) Mr. Pannone's opposition was substantially justified based on his demonstrated good faith cooperation throughout discovery; (3) the excessive and duplicative billing practices revealed in CITCE's fee request are unreasonable given their limited success; and (4) other circumstances make an award of expenses fundamentally unjust."[60]

In reply, Defendant asserts that the motion to compel was necessary to ensure Plaintiff's compliance with his discovery obligations and that the fees incurred were reasonable.[61]

---

Ariz. Apr. 25, 2023).

[58] Docket 51 at 1.

[59] Docket 52 at 2.

[60] Docket 52 at 2.

[61] Docket 53 at 4-5.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 13 of 24

Because the motion to compel was only granted in part,[62] the Court agrees with Plaintiff that the discretionary standard of Rule 37(a)(5)(C) applies. The Court further finds some downward adjustment of the hourly rate is warranted. But as discussed below, the Court also finds Plaintiff's opposition to the motion to compel was not substantially justified; nor are there other circumstances that make an award of fees fundamentally unjust.

### 1. Plaintiff was not substantially justified in withholding documents responsive to Defendant's first set of discovery responses

In granting Defendant's motion to compel, the Court ordered Plaintiff to provide a complete response to Defendant's first set of discovery requests and to produce his personal devices containing any CITCE information for forensic inspection.[63] Plaintiff asserts that he cooperated during discovery by supplementing his responses and providing documentation to over 50 job applications, and thus, substantially complied with his discovery obligations, as Defendant's demands exceed the scope of proportional discovery under Federal Rule of Civil Procedure 26(b)(1).[64]

Plaintiff was not substantially justified in refusing to produce much of the documentation Defendant sought in its first discovery request. For instance, Plaintiff consistently failed to produce satisfactory responses concerning his post-

---

[62] Docket 49.

[63] Docket 49.

[64] Docket 52 at 1-3.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 14 of 24

termination employment search records.[65]  After serving deficient responses on March 3, 2025, Plaintiff failed to supplement his responses despite repeated attempts by Defendant to obtain the discovery.[66]  When, on May 12, 2025, Plaintiff provided his second supplemental responses, it was approximately five months after the agreed deadline by the parties.  And even the documentation provided then was incomplete and redacted.  For example, it still failed to identify the reasons Mr. Pannone was not hired for other jobs and failed to provide all documents regarding his contacts and communications with prospective employers.[67]  And Mr. Pannone refused to agree to a forensic review of his computer devices, despite admitting that he had confidential CITCE information in his possession.[68]

During oral argument on July 25, 2025, the Court granted Defendant's motion to compel in large part.[69]  The Court ordered a "forensic review of Mr. Pannone's devices," additional responses to Interrogatory # 13 and RFPs ## 12, 17, and 23, as well as the deposition of Plaintiff's accountant.[70]  The Court expressly disagreed with Plaintiff's assertion that he did not need to provide any

---

[65] Docket 17-1 at 85-86 (Plaintiff's response to CITCE's first set of discovery requests); 159-60 (Plaintiff's supplemental response to CITCE's first discovery requests); 176-77 (Plaintiff's second supplemental response to CITCE's first discovery requests).

[66] Docket 16 at 4-6.

[67] Docket 17-1 at 181-182; *see also* Docket 16 at 4-6.

[68] Docket 17-1 at 142.

[69] Docket 49.  The Court did not require Plaintiff to produce his spouse's financial information.

[70] Docket 49; *see also* Docket 51 at 2-3.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 15 of 24

Case 3:24-cv-00220-SLG     Document 72     Filed 10/16/25     Page 15 of 24

information regarding his efforts to seek alternative employment after his termination apart from what was "required for Dept of Labor validation."[71] Plaintiff was not substantially justified in withholding these documents while seeking damages from Defendant for loss of employment. And he was not substantially justified in refusing to submit to a forensic examination of his computer devices in light of his acknowledgement that he had placed and retained confidential CITCE information on them.

## 2. CITCE is entitled to a partial award of fees

First, the Court finds that the number of hours spent by the defense on the motion to compel was reasonable and "necessarily incurred." Defendant's counsel Kristal Graham avers that counsel, both of whom specialize in employment law, put in a combined total of 35.6 hours of work (mainly conducted by an associate attorney) and indicates that "the total numbers of hours worked and amounts billed throughout these invoices have been modified to reflect only the time and money spent in relation to the Motion to Compel."[72] Although Plaintiff characterizes Defendant's billing records as duplicative and asserts that they "demonstrate excessive billing practices particularly unjustified given CITCE's partial success[,]"[73] the work appears to be reasonable and necessary as part of

---

[71] Docket 49; *see also* Docket 17-1 at 86, 160, 177.

[72] Docket 51 at 2-4; *see also* Docket 51-1 at 4-22.

[73] Docket 52 at 14.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 16 of 24

Case 3:24-cv-00220-SLG    Document 72    Filed 10/16/25    Page 16 of 24

Defendant's motion to compel, especially given the need to obtain third party forensic involvement. The work for which the attorneys' fees are requested include "required conferrals with opposing counsel; conferrals with the third party forensic search company Digital Securas LLC dba Deep Forest Security Consulting as the parties attempted to formulate a plan of forensic review of the digital materials which Plaintiff was required (and failed) to disclose under Rule 26(a); the drafting of the motion to compel and supporting documents; and conferrals between Defendant's attorneys regarding these same issues."[74]

However, the Court finds a downward adjustment is warranted because the Defendant's counsel's hourly billing rates are excessive for the Anchorage market. The hourly rates charged—$715 per hour for a partner and $545 per hour for an associate attorney[75]—are not consistent with rates in the District of Alaska that this Court has recognized.[76] For this reason, the Court finds that an hourly rate of no more than $475 for a partner and $375 for an associate is appropriate. This would result in a fee award of $13,880.[77] However, as noted earlier, Defendant was not

---

[74] Docket 51 at 5.

[75] Docket 51 at 4.

[76] *See, e.g.*, *Sycks v. Transamerica Life Ins. Co.*, Case No. 3:22-cv-00010-SLG, 2025 WL 1114030, at *2 (D. Alaska Apr. 14, 2025) (finding rates of $415 per hour for a partner and $315 per hour for of counsel, another attorney, and senior counsel as reasonable and consistent rates in the District of Alaska); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Triumvirate, LLC*, Case No. 3:23-cv-00146-SLG, 2024 WL 4625137, at *2 (D. Alaska Oct. 30, 2024), *on reconsideration*, Case No. 3:23-cv-00146-SLG, 2025 WL 435973 (D. Alaska Feb. 6, 2025) (finding an average hourly rate of $475 per hour for work done in connection with the filing of a motion to compel that the Court subsequently granted to be reasonable).

[77] Based on the redacted billing invoices, 5.3 hours of partner time and 30.3 hours of associate time was spent on the motion. 5.3 total hours x $475 = $2,518; 30.3 total hours x $375 =

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 17 of 24

Case 3:24-cv-00220-SLG    Document 72    Filed 10/16/25    Page 17 of 24

successful on the motion to compel with respect to Plaintiff's wife's tax returns. Therefore, the Court will further reduce the fee award by 10%, with the resultant fee award of **$12,492** on the motion to compel.[78]

### 3. An award for attorneys' fees would not be fundamentally unjust

Plaintiff further suggests that an award of expenses would be unjust because he "has been cooperative with CITCE and has substantially complied with all legitimate requests," had retained CITCE's files on his personal device pursuant to CITCE's standard practice, and made "good faith efforts to resolve disputed discovery matters."[79]

Plaintiff has not carried his burden to show that an award of expenses would be unjust. Plaintiff had numerous opportunities to provide the requested discovery and resolve this dispute, but failed to do so.

## II. Motion for Discovery Sanctions Pursuant to Rule 26(g) and 37(e)(1)

Defendant asserts that the Court should award sanctions to Defendant pursuant to Federal Rules of Civil Procedure 26(g) and 37(e)(1).[80] For the following reasons, the Court finds such sanctions are warranted.

### 1. Failure to conduct a reasonable inquiry in violation of Rule 26(g)

---

$11,363; $2,518 + $11,363 = $13,880.

[78] $13,880 x 90% = $12,492.

[79] Docket 52 at 11-12.

[80] Docket 18 at 1.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 18 of 24

Case 3:24-cv-00220-SLG    Document 72    Filed 10/16/25    Page 18 of 24

On December 30, 2024, Plaintiff's counsel signed the initial disclosures stating that Plaintiff had provided all documents "that are relevant to disputed facts alleged in within [sic] the pleadings."[81] The disclosures included over 250 pages of emails without indicating their source.[82] And, on that same day in December 2024, Plaintiff propounded an initial discovery request to Defendant that sought production of Plaintiff's entire work file as well as all emails between Plaintiff and seven of Defendant's employees even though, unbeknownst to Defendant, this work file and all of these emails were already in Plaintiff's possession.[83]

On March 3, 2025, Plaintiff served his discovery response and stated that he had no CITCE documents, but also included a Google Drive link to the folder with the previously undisclosed .pst file with 8,000 CITCE documents.[84] And during his March 24, 2025, deposition, Plaintiff testified that he had not yet fully searched his records for Defendant's documents, testifying that he had done only "a rudimentary look through my hard drive and my—my stuff, and I don't see anything."[85]

Plaintiff has given differing reasons for not disclosing the .pst file until March 3, 2025. In the unsigned statement dated March 20, 2025, Plaintiff stated that his

---

[81] Docket 17-1 at 9.

[82] Docket 16 at 3; Docket 17-1 at 12-14.

[83] Docket 17-1 at 22-24.

[84] Docket 17 at 2; Docket 17-1 at 74-101.

[85] Docket 17-1 at 127.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 19 of 24

Case 3:24-cv-00220-SLG    Document 72    Filed 10/16/25    Page 19 of 24

retention of the file "was actually quite accidental."[86]  Then, at Plaintiff's March 24, 2025 deposition, he stated he had located the .pst file on his computer in September or October of 2023 and saved it onto a cloud location at the time.[87]  Later, in an April 28, 2025 letter from Mr. Zorea to Ms. Hodes, Mr. Zorea stated that when he submitted Plaintiff's initial disclosures in December 2024, "Mr. Pannone did not even remember that he had the file."[88]

Defendant asserts that "Pannone and his attorneys' conduct blatantly violated the Rule 26(g)(1) certification requirements and forced CITCE to incur needless expense to produce documents already within Pannone's possession "search for responsive documents across multiple accounts," "prepare objections to Pannone's requests to set reasonable bounds to his requests," and "respond to Pannone's discovery and document production requests and follow-up actions after it determined Pannone improperly retained the .pst file."[89]

In response, Plaintiff asserts that no Rule 26(g) violation occurred in his initial disclosures.[90]  According to Plaintiff, his omission in the initial disclosures was inadvertent; he was substantially justified in his discovery requests; and he caused no undue burden to Defendant.  On the last point, he maintains that the

---

[86] Docket 17-1 at 115.

[87] Docket 17-1 at 126.

[88] Docket 17-1 at 138.

[89] Docket 18 at 6-8.

[90] Docket 22 at 2.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 20 of 24

Case 3:24-cv-00220-SLG     Document 72     Filed 10/16/25     Page 20 of 24

expenses Defendant incurred would have been incurred regardless because "CITCE had an obligation to respond to Mr. Pannone's discovery requests, whether he had the .pst file or not."[91]  And the forensic expenses could have been avoided if CITCE had accepted Plaintiff's proposal for the supervised deletion of the .pst file. [92]  Further, Plaintiff maintains that substantial justification exists for any "technical violations" because "Mr. Pannone has demonstrated good faith through multiple supplemental discovery responses and offers to address CITCE's concerns through less intrusive means."[93]

The Court finds that Plaintiff and his counsel did not conduct a reasonable inquiry when preparing the initial disclosures and certifying that they were complete.  It strains credulity to believe that in December 2024, Mr. Pannone had simply forgotten that he had copied and placed in storage all the extensive CITCE records on his computer in October 2023, particularly as he acknowledges that he has accessed these documents a "few times" in connection with this litigation after he had put the documents into the personal vault.[94]

Nor is the Court persuaded by Plaintiff's assertion that "CITCE had an obligation to respond to Mr. Pannone's discovery requests, whether [Plaintiff] had

---

[91] Docket 22 at 1-2.

[92] Docket 22 at 5-6.

[93] Docket 22 at 6.

[94] Docket 17-1 at 116.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 21 of 24
Case 3:24-cv-00220-SLG    Document 72    Filed 10/16/25    Page 21 of 24

the .pst file or not."[95]   A party is not entitled to discovery that is unreasonably cumulative or duplicative.  A discovery request is "cumulative or duplicative if the requesting party already has the information that they are seeking to obtain."[96] Had CITCE known in January 2025 that Plaintiff already had all the documents he sought from CITCE, it could have, at the very least, and if efforts to resolve the issue through counsel proven unsuccessful, sought a protective order to protect it from the undue burden and expense of searching all its files for the same information that Mr. Pannone already possessed.[97]

In sum, Plaintiff and his counsel did not fulfill their "affirmative duty to engage in pretrial discovery in a responsible manner," such that sanctions pursuant to Rule 26(g) are warranted.[98]

### 2.  Monetary sanction for Rule 26(g) violation

The Court finds that a monetary sanction of 50% of the total reasonable attorney fees and costs Defendant has incurred in connection with these discovery issues is warranted and satisfies Rule 26(g)'s aim to deter excessive discovery requests and evasive responses.[99]

---

[95] Docket 22 at 1-2.

[96] *Photography By Frank Diaz, LLC*, 2023 WL 3078664, at *2.

[97] *See* Fed. R. Civ. P. 26(c).

[98] Fed. R. Civ. P. 26(g) Advisory Committee's Note to 1983 Amendment.

[99] *Id.* (stating that "[t]he subdivision provides a deterrent to both excessive discovery and evasion"); *see also Rottlund Co.*, 222 F.R.D. at 387 ("Deterrence is an important objective of the Rule 26(g) sanction imposed, not only because of the history of this case, but also to alert other parties or attorneys that the Court takes discovery obligations seriously and they must resist laxity in order to avoid sanction.").

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 22 of 24

Case 3:24-cv-00220-SLG    Document 72    Filed 10/16/25    Page 22 of 24

The sanction does not include all the time Defendant spent producing documents, as some of that work would have been done in any event as part of CITCE's discovery obligations. The attorney's fees and costs Defendant incurred in connection with responding to Plaintiff's discovery and document production requests and follow-up actions relating to the failure to disclosure the retained .pst file in Plaintiff's initial disclosures amount to $27,512.[100] However, using the adjusted rates for a partner, associate, and paralegal for the District of Alaska, the total fees amounts to $18,723.[101] Applying 50% to the adjusted fee amount, the Court imposes on Plaintiff a sanction of **$9,361**[102] to compensate for the reasonable attorneys' fees incurred in connection with these discovery issues.[103]

## CONCLUSION

Based on the foregoing, IT IS ORDERED:

1. Defendant's Motion for Award of Attorneys' Fees Pursuant to Rule 37(a)(5)(A) at Docket 51 is **GRANTED** as follows: The Court awards **$12,492** in fees and costs to Defendant in connection with Defendant's May 15, 2025 Motion to Compel, to be included as a credit or debit to CITCE in

---

[100] Docket 18 at 8.

[101] *See Sycks*, Case No. 3:22-cv-00010-SLG, 2025 WL 1114030, at *2 (considering rates $175 per hour for a paralegal as reasonable and consistent rates in the District of Alaska). The requested hourly rate for a paralegal is $365. Docket 17-1 at 155. The Court reduces the hourly rate for a paralegal to $250. The rate calculations for a partner, associate attorney, and paralegal are as follows: 11.6 total hours x $475 = $5,510; 28.9 total hours x $475 = $10,838; 9.5 total hours x $250 = $2,375; $5,510 + $10,838 + $2,375 = $18,723.

[102] $18,723 x 50% = $9,361.

[103] *See Rottlund Co.*, 222 F.R.D. at 386.

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 23 of 24

Case 3:24-cv-00220-SLG     Document 72     Filed 10/16/25     Page 23 of 24

the final judgment to be entered at the conclusion of this case.

2.    Defendant's Motion for Discovery Sanctions Pursuant to Rule 26(g) at Docket 18 is **GRANTED** as follows:  The Court awards **$9,361** in fees and costs to Defendant for Plaintiff's violations of the discovery rules, to be included as a credit or debit to CITCE in the final judgment to be entered at the conclusion of this case.

DATED this 14th day of October, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00220-SLG, *Pannone v. CITC Enterprises, Inc.*
Motion for Attorney Fees and Costs and Motion for Sanctions
Page 24 of 24

Case 3:24-cv-00220-SLG     Document 72     Filed 10/16/25     Page 24 of 24