Elizabeth P. Hodes, ABA #0511108
Mackenzie C. Olson, ABA #1809068
DAVIS WRIGHT TREMAINE LLP
188 West Northern Lights Blvd., Suite 1100
Anchorage, AK 99503
Phone: (907) 257-5300
elizabethhodes@dwt.com
mackenzieolson@dwt.com

Attorneys for CITC Enterprises, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL PANNONE,<br><br>Plaintiff,<br><br>vs.<br><br>CITC ENTERPRISES, INC.,<br><br>Defendant. | Case No. 3:24-cv-00220-SLG |

**DEFENDANT CITCE'S MOTION FOR ATTORNEYS' FEES AND COSTS REGARDING MOTION FOR CASE TERMINATING SANCTIONS**

Defendant CITC Enterprises, Inc. ("CITCE"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 37 and to this Court's Order at docket 88, respectfully files this Motion for Attorneys' Fees and Costs incurred while preparing its Motion for Case Terminating Sanctions. CITCE seeks $55,616.00 in attorneys' fees and $12,926.00 in costs arising from Deep Forest's work in this matter pursuant to the Court's Order and Fed. R. Civ. P. 37(b)(2)(C) and (e)(2).

CITCE recognizes the proposed fee and cost award is a substantial sum but reminds the Court ***the figure merely reflects the extent of Pannone's misconduct***. The

sanction is appropriate because *these expenses would not have been incurred by CITCE* if not for Pannone's failure/refusal to comply with the Court's ruling on the motion to compel, his late-disclosure of additional devices requiring the parties to repeat the forensic collection process, and his extensive runaround with CITCE's counsel and the forensic examiner to confuse matters and delay/avoid production—all of which was an intentional effort to run up fees and costs for the defense out of spite for CITCE and the Court's ruling.

This motion is supported by an Affidavit of Counsel (Mackenzie Olson) and invoices filed herewith. Redactions in the invoices protect attorney-client privileged information, personally identifiable information, and information not otherwise relevant to the Motion for Case Terminating Sanctions or the forensic analysis conducted by Deep Forest that the Court ordered during the July 25, 2025 hearing. Further, the total numbers of hours worked and amounts billed throughout these invoices have been modified to reflect only the time and money spent in relation to the Motion for Case Terminating Sanctions or the forensic analysis conducted by Deep Forest. A proposed order is also lodged with this motion.

**A. Factual Background**

Pannone initiated this current litigation, alleging CITCE wrongfully terminated his employment. Motion to Compel, Docket No. 16, at 3. Mr. Pannone served CITCE with his deficient initial disclosures on December 30, 2024, and approximately one month later, on January 30, 2025, CITCE served discovery requests on Pannone, including those at issue in CITCE's Motion to Compel: ROG 13 and RFPs 12, 17, and 23. *Id.* at 3-4. As

detailed in CITCE's Motion to Compel, Mr. Pannone's initial disclosures and March 3, 2025 discovery responses were deficient in several respects, and over the ensuing months, counsel for CITCE attempted to work with Mr. Pannone's counsel to resolve these deficiencies. *Id.* at 4-10.

Despite months of effort, Pannone failed to comply with his discovery obligations and CITCE filed its Motion to Compel on May 15, 2025. *Id.* at 19. The Court heard oral argument on the Motion on July 25, 2025. Minute Order Regarding Motion to Compel, Docket No. 49. Following oral argument, the Court granted CITCE's motion in part and denied it in part (with respect to CITCE's request for certain financial information related to Mr. Pannone's spouse). *Id.* The Court heard oral argument on the Motion on July 25, 2025. Minute Order Regarding Motion to Compel, Dkt. 49. At oral argument, the Court granted CITCE's request with respect to the proposed forensic review and ordered Pannone to present his devices for review in accord with CITCE's proposal. *Id.*

On August 12, 2025, Pannone presented to Deep Forest forensic expert Mark Merchant a Hitachi drive, a Dell laptop, a Sony USB drive, and a One Drive account and personal vault drives associated with two email addresses. Motion for Sanctions, Docket No. 58 at 7. At this August 12 meeting, while Mr. Merchant was imaging the Hitachi drive, Pannone admitted to deleting data. *Id.* Pannone later presented his cell phone for review as well, but only after he belatedly added it to the affidavit wherein he identified all devices or accounts that accessed or stored CITCE data. *Id.* All told, it took Pannone approximately six weeks from entry of the Court's July 25 Order to finally present all of his devices for review and imaging.

After imaging the devices and obtaining copies of the drives and cloud accounts associated with Pannone's personal email addresses, Mr. Merchant used the terms listed in CITCE attorney Kristal Graham's May 8 email (which detailed the forensic review plan the Court approved on July 25) to search these items. *Id.* In doing so, Mr. Merchant discovered that extensive deletion activity occurred on the laptop and Hitachi and Sony drives on May 6, May 30, August 9, and August 11, 2025. *Id.* Mr. Merchant then provided Pannone with materials responsive to the May 8 search terms. *Id.* at 8. These materials included detailed Excel sheets correlative to the document results for each term, along with information about each document sufficient to readily enable Pannone to locate the items listed therein on the drives and cloud associated with his email accounts. *Id.* Pannone was supposed to review the responsive materials and identify documents he believed were privileged, submit those for in camera review, and identify for Mr. Merchant those non-privileged documents that could be disclosed to CITCE. *Id.* Pannone was also supposed to provide the Court and CITCE with a privilege log. *Id.* Pannone did none of these things. *Id.*

Pannone again failed to comply with his discovery obligations, disobeyed court orders, and spoliated evidence, and CITCE filed its Motion for Case Terminating Spoliation Sanction on September 26, 2025. Motion for Case Terminating Spoliation Sanction, Docket No. 58. The Court heard oral argument on the Motion on October 7, 2025. Minute Order Regarding Motion for Sanctions, Dkt. 70. In an order on November 5, 2025, the Court granted CITCE's motion in part, awarding CITCE reasonable attorneys' fees and costs incurred in bringing the its Motion for Case Terminating

Spoliation Sanction, and the cost of the forensic analysis conducted by Deep Forest. Order Regarding Motion for Summary Judgment, Motion for Spoliation Sanction, and Motion to Assert Privilege ("Sanctions Order"), Docket No. 88 at 34.

### B. Law and Argument

Federal Rule of Civil Procedure 37(b)(2)(C) provides that in the case of a party who disobeys a court's discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Similarly, Federal Rule of Civil Procedure 37(e)(1) provides that where a party fails to preserve electronically stored information, the court "upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice."

Here, the Court found Mr. Pannone intentionally deleted ESI from his devices with the intent to deprive CITCE of that information in violation of Federal Rule of Civil Procedure 37(e). Sanctions Order, Docket No. 88 at 32. Accordingly, the Court ordered CITCE "be awarded its reasonable attorneys' fees and costs incurred in connection with the forensic review in bringing this sanctions motion. Defendant will also be awarded the cost of the forensic analysis conducted by Deep Forest that the Court ordered at Docket 49."

The July to October 2025 billing records set forth at Exhibit 1 to Mackenzie Olson's affidavit detail the expenses which CITCE reasonably incurred in bringing the motion to compel this discovery: $55,616.00 in attorney's fees for 103.5 hours of work.

These fees reflect work performed by a partner, Elizabeth Hodes, an of counsel, Patti Vecera, and associate attorneys, Mackenzie Olson and Kristal Graham, with the majority performed by Ms. Olson or Ms. Graham. Because the associate billing rate is lower than that of partner and of counsel, this arrangement helps to reduce costs for CITCE and thus ensures they remain reasonable. Further, the specific hourly rates charged for Ms. Hodes ($715.00), Ms. Vecera ($630.00), Ms. Olson ($500.00) Ms. Graham ($545.00) are reasonable based on their experience and expertise. Olson Aff., ¶ 4–6. Ms. Hodes and Ms. Vecera each have practiced law for over twenty years and specialize in employment law. Olson Aff., ¶ 4–5. Ms. Graham and Ms. Olson, in turn, have practiced law for approximately eleven and seven years, respectively, and also specialize in employment law. *Id.* at ¶ 5.

Ms. Hodes', Ms. Vecera, Ms. Graham, and Ms. Olson's extensive legal experience and litigation and employment law specific expertise justifies their hourly rates. Finally, their rates are specifically justified in this case because it only involves employment law claims and thus particularly merits their specialized expertise. *See Bishop v. Shorter Univ., Inc.*, No. 4:15-CV-0033-HLM, 2016 WL 11500221, at *2 (N.D. Ga. Sept. 2, 2016) (unpublished) (considering the expertise and experience of counsel when determining reasonableness of counsel's rates). Additionally, to defray costs, CITCE employed two paralegals, Ben Planchon and Carla Jutamakasame, to assist with the sanctions motion and forensic review. The specific hourly rates charged for Mr. Planchon ($485.00), Ms. Jutamakasame ($365.00), are lower than that of attorneys. Olson Aff., ¶ 7.

All of the work for which the attorneys' fees are requested pertained to the forensic analysis of Mr. Pannone's devices, their contents, and the preparation of CITCE's Motion for Sanctions. This work included required conferrals with opposing counsel and conferrals with Deep Forest; the drafting of the Motion for Sanctions and supporting documents; and conferrals between CITCE's attorneys regarding these same issues. This work was reasonable and necessary in order for CITCE to bring the Motion for Sanctions.

Finally, the total amount of work expended, 103.5 hours, was not unreasonable, the eventual motion entailed various discovery issues, followed a lengthy forensic review of multiple devices that was delayed by Mr. Pannone's bad faith conduct, and required the expertise of the third party consultant Deep Forest

**C. Conclusion**

For the reasons set forth above, CITCE requests that the Court award it the costs and fees it incurred in connection with the forensic review and in bringing this sanctions motion, totaling $55,616.00 in fees between July and October 2025 and $12,926.00 in costs arising from Deep Forest's forensic work.

DATED this 12th day of November 2025.

DAVIS WRIGHT TREMAINE LLP
Attorneys for CITC Enterprises, Inc.

By: ______________________________

Elizabeth P. Hodes, ABA #0511108
Mackenzie C. Olson, ABA #1809068
DAVIS WRIGHT TREMAINE LLP
188 West Northern Lights Blvd., Suite 1100
Anchorage, AK 99503
Phone: (907) 257-5300
elizabethhodes@dwt.com
mackenzieolson@dwt.com

Certificate of Service

On the 12th day of November 2025, a true and correct copy of the foregoing document was served via CM/ECF on the following counsel of record:

Isaac Zorea
Attorney & Counselor at Law
PO Box 90844
Anchorage AK 99509
eyedz@gci.net

By: ______________________________